UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| IN RE:<br>JOHN ROBERT ZURZOLO,<br>Plaintiff. | Case No. 2:21-cv-01168-APG-EJY<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff's Initiating Document (ECF No. 1). Plaintiff filed neither an application to proceed *in forma pauperis* compliant with 28 U.S.C. § 1915(a)(1) and the U.S. District Court for the District of Nevada Local Rule LSR 1-1, nor a complaint compliant with Federal Rule of Civil Procedure 8. For these reasons, and others stated below, the Court exercises its inherent authority to *sua sponte* screen cases that are "transparently defective" in order to "save everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

**I.    Screening the Complaint**

When screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. To survive dismissal a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Whether a complaint is sufficient to state a claim is determined by taking all allegations of material fact as true and construing these facts in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured

through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato*, 70 F.3d at 1106.

Here, Plaintiff's Initiating Document contains no identified cause of action and no prayer for relief. Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(3) states that a complaint must include "a demand for relief sought … ." A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir.1988); *see also McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996). Rule 10(b) of the Federal Rules of Civil Procedure also requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count." *Id.*

Based on Plaintiff's filing, it is impossible for the Court to reasonably decipher what it is Plaintiff seeks, against whom, as the result of what claims. The document filed at ECF No. 1 does not provide fair notice to any defendant of any claim that may be defended.

**II.     Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Initiating Document (ECF No. 1) be DISMISSED without prejudice for failure to state a claim upon which relief can be granted, with leave to amend.

IT IS FURTHER ORDERED that the Clerk of the Court shall send Plaintiff the approved form application to proceed *in forma pauperis* by a non-prisoner, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

IT IS FURTHER ORDERED that within **thirty (30) days** from the date of this Order, Plaintiff shall either: (1) file a fully complete application to proceed *in forma pauperis*, on the correct form, in compliance with 28 U.S.C. § 1915(a) and LSR 1-1; or (2) pay the full $402 fee for filing a civil action (which includes the $350 filing fee and the $52 administrative fee).

IT IS FURTHER RECOMMENDED that if Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original initiating document) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original filing. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to comply with this Order, the Court shall dismiss the action without prejudice allowing Plaintiff to initiate a new action, if he so chooses, when he is able to state a claim upon which relief may be granted.

Dated this 1st day of November, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).